| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kevin T. Simon - SBN 180967<br>SIMON RESNIK HAYES LLP<br>15233 Ventura Blvd., Suite 250<br>Sherman Oaks, CA 91403<br>Telephone: (818) 783-6251<br>Facsimile:  (818) 783-6253<br>Email: kevin@srhlawfirm.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Debtor(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>    BEN DIEP,<br><br><br><br><br><br><br>                                    Debtor(s). | CASE NO.: 1:16-bk-10125-MT<br><br>CHAPTER 13<br><br><br>**DEBTOR'S MOTION FOR AUTHORITY<br>TO SELL REAL PROPERTY<br>UNDER LBR 3015-1(p)**<br><br><br>[No Hearing Required] |
|---|---|

Debtor moves this court for an order authorizing the Debtor to sell the real property, described below, pursuant to the terms and conditions described herein.

1.  Debtor's Chapter 13 Plan ~~(Plan) was confirmed~~ is scheduled for Confirmation on:  03/22/2016  .

2.  Debtor wishes to sell the real property (Property) located at:
    11404 Dona Dorotea Drive
    Studio City (Los Angeles), CA 91604


The Property is more particularly described in Exhibit "A" attached hereto.

☐  Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this Motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. The sale price of the Property is $1,650,000.00 (ESTIMATED) The following are all of the encumbrances of record against the Property:
   a. Nationstar Mortgage, LLC - $1,208,862.00 - Final Balance to be Negotiated with Lender
   b. Internal Revenue Service - $60,891.06 - Final Balance to be Negotiated with IRS
   c. _____
   d. _____
   e. _____
   *(Add additional page if necessary)*

4. After payment of the foregoing encumbrances and all costs of sale:
   ☒ there will remain the approximate sum of $104,009.91 ; OR
   ☐ no proceeds will remain.

5. ☒ (a) The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to pay off the Plan with a:
   ☒ 100% dividend to unsecured creditors; OR
   ☐ _____% divided as indicated in the confirmed plan.
   After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.

   **OR**

   ☐ (b) The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the Plan. The sale is for the fair market value of the Property.

6. The escrow is being processed by:
   Escrow company name:    Jean Allen Escrow Company, Inc.
   Address:    3341 Cerritos Avenue
               Los Alamitos, CA 90720

   Telephone:    (562) 799-3344
   Facsimile:    (562) 799-3345
   Escrow officer:    Cheri L. Parks
   Escrow number:    00877

7. Supporting documents attached to this Motion are:
   a. Exhibit A – Legal description with street address
   b. Exhibit B – Escrow instructions and documents
   c. Exhibit C – Estimated closing statement
   d. Exhibit D – Schedules I and J of the bankruptcy petition
   e. Exhibit E - Schedule C of the bankruptcy petition

9. Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the close of escrow as a condition to any approval of this motion.

Date: 02/17/2016

_____
Attorney for Debtor

I declare under penalty of perjury that the following is true and correct.

Date: 02/17/2016

_____
Debtor

Date: _____

_____
Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 2                    F 3015-1.16.MOTION.SELL.RP

### DECLARATION OF BEN DIEP IN SUPPORT OF MOTION TO SELL

I,  Ben  Diep, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1.      I am a debtor in the instant bankruptcy proceeding, Case 1:16-bk-10125-MT . This case was filed on January 15, 2016  and is scheduled for confirmation on March 22, 2016.

2.      I own real property located at 11404 Dona Dorotea Drive Studio City (Los Angeles), CA 91604 (the "Property").  Attached as Exhibit "A" is a legal description with street address.  I desire to sell this property.  The sale price of the property is estimated to be $1,650,000.00.

3.      The sale of the property will pay off the first mortgage held by Nationstar Mortgage, LLC, as well as the tax lien held by the Internal Revenue Service.  Attached as Exhibits "B" and "C" are true and correct copies of the Escrow Instructions and Estimated Closing Statement, respectively.  After payment of the foregoing encumbrances and all costs of the sale, there will remain the sum of approximately $279,009.91.

4.      I am entitled to a Homestead exemption of $175,000.00.  Attached hereto as Exhibit "E" is a copy of Schedule "C" of the bankruptcy petition.  After the cost of sale, there will be a balance remaining of approximately $104,009.91. The Chapter 13 Trustee is hereby authorized to make a demand upon escrow for $104,009.91, or if the amount required to pay off the Plan with a 100% dividend to unsecured creditors is lower, then the Trustee is authorized to make a demand for that lower amount only. Therefore, funds in the amount of $175,000.00 shall be paid directly to me. It is necessary for me to receive these funds for relocation costs.

1     5.    The escrow company handling the transaction is Jean Allen Escrow Company, Inc., their

2    address is 3341 Cerritos Avenue Los Alamitos, CA 90720, their telephone number is (562) 799-3344, their

3    fax number is (562) 799-3345, the escrow officer Cheri L. Parks, the escrow number is 0877.

4

5        I declare under the penalty of perjury that the foregoing is true and correct and that this declaration

6    is executed this 17th Day of February 2016, at Sherman Oaks, California.

7

8                                                      Ben Diep

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

LEGAL DESCRIPTION

11404 Dona Dorotea Drive Studio City , CA 91604

Lot 97 of Tract No. 24676 as per Map recorded in Book 637, Pages 5 to 10 inclusive of Maps, in the Office of the County Recorder of Los Angeles County, California

APN #2381-025-015

# EXHIBIT "B"



# JEAN ALLEN ESCROW CO., INC.

3341 CERRITOS AVENUE
LOS ALAMITOS, CALIFORNIA 90720
(562) 799-3344 • FAX (562) 799-3345

## SALE ESCROW INSTRUCTIONS

TO:  **Jean Allen Escrow Company, Inc.**
**3341 Cerritos Avenue**
**Los Alamitos, California 90720**

Date:  **October 13, 2015**
Escrow Officer:  **Cheri L. Parks**
Escrow Number:  **00877**

### Terms of Transaction

| | |
|---|---:|
| Buyer will hand Escrow Holder, for deposit to escrow, the sum of | 5,000.00 |
| Buyer will deposit, prior to close of escrow, the sum of | 325,000.00 |
| Buyer herein to obtain a new first trust deed loan in the amount of | 1,320,000.00 |
| **To Complete the Total Consideration of** | **$1,650,000.00** |

I/We will hand you or cause to be handed you signed escrow instructions providing for a deposit of **$5,000.00**, and will hand you or cause to be handed you the balance of down payment in the amount of **$325,000.00**, plus closing costs. I/We will hand you or cause to be handed you the proceeds of a new Note secured by a new First Trust Deed in the amount of **$1,320,000.00**, for a total consideration of **$1,650,000.00**, and any additional funds and/or instruments from Buyer to enable you to comply with these instructions.

ALL of which you are instructed to use provided on or before **March 31, 2016**, you hold any/all funds and instruments necessary for me to comply with these instructions, which you are to use when you hold for me a grant deed in favor of the vestee(s) named herein and when you can procure a **CLTA/ALTA Homeowners** and **ALTA Lenders** Policy of Title Insurance from **Old Republic Title Company** with a liability of **$1,650,000.00** on real property in the City of **Los Angeles (Studio City Area)**, County of **Los Angeles**, State of California described as:

**Lot 97 of Tract No. 24676, in the City of Los Angeles, County of Los Angeles, in the State of California, as per Map recorded in Book 637, Pages 5 to 10 inclusive of Maps, in the Office of the County Recorder of said County.**

COMMONLY KNOWN AS:  **11404 Dona Dorotea Drive, Los Angeles (Studio City Area), CA 91604**

Showing Title Vested In:

SUBJECT ONLY TO:
(1)     General and Special County and City (if any) Taxes for the current fiscal year, not due or delinquent, including any special levies, payments for which are included therein and collected therewith.
(2)     Lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California.
(3)     Covenants, Conditions, restrictions, reservations, easements for public utilities, districts, water companies, alleys and streets, rights and rights of way of record, if any; also exception of reservations of oil, gas, minerals and hydrocarbons, and/or lease, if any, without the right of surface entry.
(4)     First Deed of Trust to record securing a note in the amount of **$1,320,000.00**.

**JEAN ALLEN ESCROW CO., INC. IS LICENSED BY THE DEPARTMENT OF BUSINESS OVERSIGHT, STATE OF CALIFORNIA: SAID LICENSE IS DATED MARCH 21, 1974 AND IS NUMBERED 963-0480.**

**Additional Instructions Attached Hereto And Made A Part Hereof**
*By initialing below, I/We agree that I/We have read, understood and acknowledge the text contained herein.*

Seller's Initials:  _____/_____

Buyer's Initials:  _____/_____

**JEAN ALLEN ESCROW COMPANY, INC.**

Date:  October 13, 2015
Escrow No.:  00877
Page 2 of 9

**INSTRUCTIONS:**

Prorate or adjust the following items as of date of **close of escrow:**
        **TAXES,** based on latest available tax billing(s)

**FINANCING CONTINGENCY**
**THIS ESCROW TRANSACTION IS CONTINGENT UPON AND SUBJECT TO** Buyer being able to obtain a new loan in the amount of  **$1,320,000.00**, repayable at the best prevailing rate and terms.  Buyer's signatures on said documents and/or instructions pertinent thereto shall evidence full approval of all terms and conditions thereof.  Said Financing Contingency shall remain in effect for a period of 17 days after date of offer acceptance, by which time Buyer shall, as specified in Paragraph No. 14 of the Purchase Agreement, remove said Financing Contingency or cancel this Agreement.

**APPRAISAL CONTINGENCY**
**THIS ESCROW TRANSACTION IS CONTINGENT UPON AND SUBJECT TO** property appraising at no less than the specified purchase price. Buyer shall, as specified in Paragraph No. 14B(3) of the Purchase Agreement, remove the Appraisal Contingency or cancel this Agreement within 10 Days after date of acceptance.

**FIRE INSURANCE**
Buyer herein will deposit with Escrow Holder, prior to the close of escrow, a new or existing hazard insurance policy, special form, for not less than the amount specifically required by lender, with Lender's Loss Payable Endorsement (438 BFU) attached in favor of lender, pursuant to lender's further instructions.  Said coverage shall be satisfactory and subject to the approval of the lender, prior to the close of escrow.  Lender's release of loan funds shall be deemed their approval of said insurance.  Escrow Holder is instructed to charge the Buyer and pay the premium as billed at the close of escrow unless handed a paid receipt prior to the close of escrow.

**PAYMENT OF COST(S) INCURRED PRIOR TO CLOSE OF ESCROW**
Buyer and Seller are aware that Jean Allen Escrow Co., Inc. may incur expenses during the course of processing this escrow which must be paid prior to the close of escrow.  Such costs may include but are not limited to, demand request fees, homeowner association document fees, courier fees, overnight mail service and city building reports, if applicable. Escrow Holder is authorized and instructed to release funds for payment of such costs, prior to the close of escrow, from funds deposited into escrow by Buyer. Both Buyer and Seller acknowledge and accept that said funds are not refundable, whether this escrow closes or cancels.   However, at close of escrow, Escrow Holder is authorized to charge the appropriate party for costs incurred, and is released from any and all liability in connection with complying with this instructions.

**HOME WARRANTY PLAN**
The undersigned Buyer does hereby acknowledge having been made aware of the availability of a Home Protection Policy covering the subject property, and Buyer has chosen not to procure such a Home Protection Policy.

**SUPPLEMENTAL PROPERTY TAXES**
The Buyer and Seller herein acknowledge that they are aware that due to the provisions of Proposition 13, there may be Supplemental Tax Bills in the process of being issued due to conveyance(s) or improvement(s), if any, of subject property and in all probability there will be a Supplemental Bill issued due to this conveyance.  Escrow Holder cannot ascertain and will not be concerned with any such matters in the prorations to be made herein.  The tax figures available at the close of escrow may be different than the actual tax bill received by the Buyer after the close of escrow.

**NATURAL HAZARDS DISCLOSURE REPORT**
The undersigned **Seller** does hereby authorize and instruct you as Escrow Holders to debit the account of the **Seller** with the cost of the Natural Hazards Disclosure Report as invoiced, and at the close and completion of escrow, remit a like amount to company issuing said report; and you as Escrow Holders shall be held harmless for so doing.

**Additional Instructions Attached Hereto And Made A Part Hereof**
*By initialing below, I/We agree that I/We have read, understood and acknowledge the text contained herein.*

Seller's Initials:  _____/_____                                        Buyer's Initials:  _____/_____

**JEAN ALLEN ESCROW COMPANY, INC.**

Date: October 13, 2015
Escrow No.: 00877
Page 3 of 9

## PRELIMINARY TITLE REPORT APPROVAL

The closing of this escrow is subject to Buyer's approval of the preliminary report of title, conditions, covenants and restrictions, if any, and all items referenced in the preliminary report of title that will remain on title following the close of escrow, issued by **Old Republic Title Company.** Buyer shall, as specified in Paragraph No. 14B(3) of the Purchase Agreement, remove the Title Approval Contingency or cancel this Agreement within 7 days after short sale approval date. The parties herein acknowledge that a preliminary report of title is only an offer for the title insurer to issue a policy of title insurance and may not contain every item affecting title and that additional items, if any, will be supplemental to the preliminary report and will be furnished to the parties upon Escrow Holder's receipt of same, if any are received.

## PRELIMINARY CHANGE OF OWNERSHIP REPORT

Buyer herein to deposit into escrow a Preliminary Change of Ownership (PCOR), completed and signed by Buyer. A completed and signed report is required for each conveyance document. Escrow Holder is authorized and instructed to attach said report to each grant deed, quitclaim deed or other conveyance document or a $20.00 fee for each recorded document must be paid. **Jean Allen Escrow Co., Inc.** is held harmless as to any liability in connection with the completion of the PCOR form, but agrees to submit said form to the title company. If said form is rejected by the County Recorder, Escrow Holder is authorized to charge the account of the Buyer for any additional recording fees. The assessor will also provide the Buyer with a Preliminary Change of Ownership questionnaire after escrow has closed that must be completed and returned to the Assessor's Office within 45 days of receipt of same.

## CITY OF LOS ANGELES 9-A REPORT AND CERTIFICATE OF COMPLIANCE

Seller and Buyer herein acknowledge that at the time of the sale of the property located in the City of Los Angeles requires the Seller to apply for a "Report of Residential Property Records and Pending Special Assessment Liens" (9-A Report) and a "Certificate of Compliance" and to deliver such reports to the Buyer prior to the close and completion of escrow. The Seller agrees to furnish the Buyer with said reports prior to the close and completion of escrow. In the event that said reports are deposited with the Escrow Holder, said reports shall be delivered to the Buyer. The Buyer will acknowledge the document with his and/or her signature where indicated. Escrow Holder's sole responsibility in connection with the reports shall be obtaining Buyer's signature of receipt of the documents, if said reports are deposited into escrow. Seller and Buyer relieve Jean Allen Escrow Co., Inc. of any and all liability or responsibility in connection with ordering of the aforementioned reports, the Buyer's receipt of said reports, or the completion of any work required under said reports. Escrow holder is authorized and instructed to reimburse party advancing funds for payment of same from Seller's proceeds due at the close of escrow.

## FIRPTA DISCLOSURE

Under the Foreign Investment in Real Property Tax Act (FIRPTA), IRC 1445, every Buyer of U.S. real property must, unless an exemption applies, deduct and withhold from Seller's proceeds Ten (10%) Percent of the gross sale price. The primary exemptions are: No withholding is required if (a) Seller provides Buyer with an affidavit under penalty of perjury, that each Seller is not a "FOREIGN PERSON", or (b) each Seller provides Buyer with a "QUALIFYING STATEMENT" issued by the Internal Revenue Service, or (c) if Buyer purchases real property for use as a residence and the purchase price is $300,000.00 or less and if Buyer or a member of Buyer's family had definite plans to reside at the property for at least (50%) of the number of days it is in use during each of the First Two Twelve Month Periods after transfer. Seller and Buyer agree to execute and deliver as directed any instrument, affidavit and statement, or to perform any act reasonably necessary to carry out the provisions of FIRPTA and regulations promulgated thereunder; and agree to hold you as Escrow Holder harmless in connection therewith.

## IRS 1099 REPORTING

Seller is aware that information concerning most real estate sale transactions are required by law to be reported on Form 1099 to the INTERNAL REVENUE SERVICE. The statements are to be forwarded by Escrow Holder or its agent to the IRS, and Seller shall complete the reporting information in compliance with governmental regulations, failure to comply will result in a PENALTY by the IRS. In the event that no reporting is required by law, the Seller agrees to deposit a completed and signed Certification For No Information Reporting For A Principal Residence Form into escrow prior to the close of escrow.

**Additional Instructions Attached Hereto And Made A Part Hereof**

*By initialing below, I/We agree that I/We have read, understood and acknowledge the text contained herein.*

Seller's Initials: _____/_____                    Buyer's Initials: _____/_____

**JEAN ALLEN ESCROW COMPANY, INC.**

Date:  October 13, 2015
Escrow No.:  00877
Page 4 of 9

## CALIFORNIA FIRPTA DISCLOSURE

In accordance with Section 18662 of the Revenue and Taxation Code, a Buyer may be required to withhold an amount equal to 3 1/3 percent of the sale price, in the case of a disposition of California real property interest by a Seller, who does not meet one of the exemptions as specified under said Revenue and Taxation Code.

For failure to withhold, the Buyer may become subject to a penalties as prescribed under Section 18662 of the Revenue and Taxation Code.

However, notwithstanding any other provision included in the California statutes referenced above, no Buyer will be required to withhold any amount or be subject to penalty for failure to withhold if:

1. The selling price does not exceed $100,000.00 OR
2. The Seller executes a written certificate under the penalty of perjury, certifying that the property being sold qualifies as the Seller's principal residence OR
3. The Seller executes a written certificate, under the penalty of perjury, certifying that the Seller will have a loss for California Income Tax purposes on the property being sold OR
4. The Seller executes a written certificate, under the penalty of perjury, certifying that the Seller will be completing a simultaneous or delayed like-kind exchange pursuant to Internal Revenue Code Section 1031 OR
5. The Seller executes a written certificate, under the penalty of perjury, certifying that the Seller meets some other exemption as specified in California Revenue and Taxation Code Section 18662.

The withholding rate is three and one-third (3 1/3%) of the selling price unless an Alternative Withholding Amount is elected by the Seller.  Questions regarding the tax forms and withholding requirements may be directed to:

FRANCHISE TAX BOARD, (888) 792-4900 OR (916) 845-4900
WITHHOLDING AT SOURCE UNIT - P.O. BOX 307, RANCHO CORDOVA, CA 95741

The undersigned parties acknowledge that the Escrow Holder is required to provide to the Buyer written notification of California withholding requirements.  The Parties do hereby authorize and instruct you as escrow holders to withhold 3 1/3% of the sales price of the California real property herein when CAL-FIRPTA applies.

In the event that the Seller does not furnish a written certificate certifying that the Seller meets one of the exemptions pursuant to California Revenue and Taxation Code Section 18662, then the Seller does hereby authorize and instruct you as escrow holders to debit the account of the Seller with 3 1/3% of the sales price of the property or the Alternative Withholding Amount elected by the Seller, and to remit same to the State of California, without any further authorization or instruction; and you as escrow holders shall be held harmless for so doing.

## ELECTRONIC SIGNATURES AND TRANSMISSION OF DOCUMENTS

In the event Buyer or Seller electronically sign and transmit documents to escrow holder, Buyer and Seller hereby instruct escrow holder to rely upon such documents as if they bore original signatures.  If required by escrow holder, Buyer and Seller hereby agree to provide escrow holder, within FORTY-EIGHT (48) HOURS of such transmission, such documents bearing the original signatures; and you as escrow holders shall be held harmless in connection therewith.

## APPROVAL OF CLOSE OF ESCROW

The Parties acknowledge that certain funds for escrow costs, prorations and reimbursements, usually referred to as closing costs of the Buyer are paid at and with the intent of closing the escrow.  The Parties do agree that the payment of such funds by the Buyer, in the amount furnished Buyer by the escrow holder, shall constitute Buyer's acknowledgment and approval of the close of escrow and shall serve to waive all contingencies as specified in these Instructions or the Purchase Agreement.

**Additional Instructions Attached Hereto And Made A Part Hereof**
*By initialing below, I/We agree that I/We have read, understood and acknowledge the text contained herein.*

Seller's Initials:  _____/_____                                              Buyer's Initials:  _____/_____

**JEAN ALLEN ESCROW COMPANY, INC.**

Date:  October 13, 2015
Escrow No.:  00877
Page 5 of 9

## THIRD PARTY FUNDS
In the event this escrow is not consummated and cancellation should occur and provided Escrow Holder has received funds in this escrow from a third party (i.e. someone other that the Buyer or Seller herein), and provided a Third Party Receipt has not been deposited with Escrow Holder.  Escrow Holder is instructed to return the funds to the party depositing same or to such party as designated by said Third Party in writing to Escrow Holder.

## HOLD OPEN FEE
The Parties herein instruct you as Escrow Holders that if for any reason you are required to hold funds after the scheduled closing date of escrow, Escrow Holders are instructed without further signatures required to withhold an escrow fee of $50.00 per month from the funds on deposit with Escrow Holders regardless of who deposited such funds.  Said HOLD-OPEN fee will only be charged and collected by Escrow Holders after holding said funds for 90 days after the date set for disbursement, including the scheduled closing date, of the funds held.  Additionally the parties herein irrevocably instruct you as Escrow Holders to automatically cancel this escrow without further instructions when all funds on deposit have been disbursed.

**THE FOLLOWING ARE ADDED TO THESE INSTRUCTIONS AT THE REQUEST OF THE BUYER AND SELLER AND ARE INCLUDED HERE AS AN ACCOMMODATION ONLY WITHOUT RESPONSIBILITY OR LIABILITY TO THE ESCROW HOLDER, AND ARE MATTERS WITH WHICH ESCROW HOLDER IS NOT TO BE CONCERNED.  THESE ITEMS ARE TO BE HANDLED BY OR BETWEEN THE BUYER AND SELLER AND SHALL BE TAKEN CARE OF OUTSIDE OF ESCROW AND WILL REQUIRE NO FURTHER ACTION ON THE PART OF THE ESCROW HOLDER OTHER THAN TO SET FORTH THE INFORMATION HERE.**

## PURCHASE AGREEMENT
These instructions are not intended to cancel, supercede or modify the terms of the purchase agreement and/or any counter offers thereto, by and between the parties insofar as said agreement relates to matters not actually pertinent to the escrow instructions, such as, but not limited to, inspections, repairs, maintenance, personal property or possession.

## POSSESSION OF PREMISES
Possession shall be granted Buyer by Seller at **6:00 p.m.** upon **Close of Escrow;** and you as Escrow Holders shall not be concerned therewith.

## CONFIRMATION OF AGENCY RELATIONSHIPS
The following agency relationships are hereby confirmed for this transaction:  LISTING BROKER: **F.A.I.R. Plan Inc.** is the agent of the Seller exclusively.  SELLING BROKER: **Selling Broker** is the agent of the Buyer exclusively.

## LIQUIDATED DAMAGES AND DISPUTE RESOLUTION
The undersigned Parties do hereby acknowledge and agree that the Liquidated Damages and Disputes Resolution Paragraphs have been initialled by the Parties as Item No. 21 and 22 of the Purchase Agreement, which shall be in full force and effect under this escrow transaction.  IN THE EVENT OF DISPUTE, FUNDS DEPOSITED IN TRUST ACCOUNTS OR ESCROW ARE NOT RELEASED AUTOMATICALLY AND REQUIRE MUTUAL, SIGNED RELEASE INSTRUCTIONS FROM BOTH BUYER AND SELLER, JUDICIAL DECISION OR ARBITRATION AWARD.

## END OF MEMORANDUM

**Additional Instructions Attached Hereto And Made A Part Hereof**
*By initialing below, I/We agree that I/We have read, understood and acknowledge the text contained herein.*

Seller's Initials:  _____/_____                    Buyer's Initials:  _____/_____

**JEAN ALLEN ESCROW COMPANY, INC.**

Date:  October 13, 2015
Escrow No.:  00877
Page 6 of 9

## GENERAL PROVISIONS

1.    You are instructed to deposit all funds received by you with any state or national bank, state or federal savings bank, or state or federal savings and loan association, in a trust account in the name of escrow holder, without any liability for payment of interest.  The funds may be withdrawn by you and disbursed according to the instructions of the parties.  All deposits made by personal check, cashier's check, certified check or deposit other than wire transfer are subject to clearance and payment by financial institution on which drawn.  All disbursements are to be made by check of escrow holder from the trust account.  Neither you nor any of your employees will identify any payee or guarantee signatures of any person or entity at any financial institution.  Funds deposited into escrow in the form of a check, draft or similar instrument will be identified as collected funds with the escrow holder's financial institution confirms that the funds are available for disbursement.

2.    Your duty is to act as escrow holder ONLY and does not commence and escrow shall not be deemed opened until mutual escrow instructions signed by all parties are received by you.  Until mutually executed escrow instructions are received, either party may unilaterally revoke these instructions by written request delivered to you and may withdraw any funds, instruments, documents or items previously handed to you.

3.    All prorations and adjustments are to be made on the basis of a thirty (30) day month unless otherwise instructed in writing by all parties.  For proration purposes, the Buyer will have ownership of the real property which is the subject of this escrow for the entire day of recording, regardless of the hour of recording.  The "close of escrow" with reference to prorations, adjustments and all purposes in this escrow shall be the day the instruments of conveyance are recorded or filed with the county recorder.

4.    Any funds disbursed during or on the close of escrow will be issued jointly to the parties designated as payees unless you are instructed otherwise in writing by all designated payees.  The funds representing loan and/or sale proceeds will be disbursed jointly to all persons who were the record owners of the real property which is the subject of the escrow.  All disbursements of funds and/or delivery of other documents or instruments concerning this escrow will be mailed to the entitled parties by regular first-class mail, postage prepaid, at their respective addresses shown on file.  However, at your discretion, you may send and/or other instruments or documents by certified or registered mail, federal express, messenger or facsimile machine, in which case the party for whom the delivery was made agrees to pay the costs.  You are to instruct the county recorder to mail recorded documents to the entitled parties at their respective addresses.  You are to instruct the title company to mail the title policy(ies) to the Lender(s) or Buyer(s) as appropriate.

5.    NOTWITHSTANDING ANY PROVISIONS TO THE CONTRARY CONTAINED IN THESE ESCROW INSTRUCTIONS OR SUPPLEMENTS OR AMENDMENTS, ESCROW HOLDER SHALL NOT BE RESPONSIBLE FOR THE SUFFICIENCY, VALIDITY OR CORRECTNESS OF ANY SIGNATURE OF ANY PRINCIPAL TO THIS ESCROW OR ANY THIRD PARTY TO THIS ESCROW, NOR THE SUFFICIENCY OR CORRECTNESS AS TO FORM, MANNER OF EXECUTION OR VALIDITY OF ANY DOCUMENTS DEPOSITED IN THIS ESCROW, NOR AS TO THE IDENTITY, AUTHORITY, OR RIGHTS OF ANY PERSONS EXECUTING THE SAME, EITHER AS TO DOCUMENTS OF RECORD TO THOSE HANDLED IN THIS ESCROW SHOULD THE PARTIES DESIRE THAT YOU VERIFY THE SIGNATURES ON INSTRUCTIONS RECEIVED BY YOU, THE PARTY(IES) WITHOUT FURTHER INSTRUCTIONS AUTHORIZE THE PAYMENT OF AN ESCROW FEE COMPUTED AT TWO TIMES YOUR REGULAR ESCROW FEE AND WILL DELIVER SEPARATE WRITTEN INSTRUCTIONS SPECIFICALLY INSTRUCTING YOU TO DO SO.  Further, you shall not be responsible for the failure of any party to comply with any of the provisions of any agreement, contract or other instrument filed or deposited in this escrow or referred to in these escrow instructions.  Your duties shall be limited to the safekeeping of money and documents received by you as escrow holder and for the disposition in compliance with the written instructions accepted by you in this escrow.  You shall not be required to take any action regarding the collection, maturity, or apparent outlaw of any obligations deposited with you unless otherwise instructed in writing.

6.    Where the assignment of any insurance policy from Seller to Buyer is concerned, Seller guarantees to you any insurance policy handed you in this escrow is a policy in force, the policy has not been hypothecated and that all necessary premiums have been paid.  You are authorized to execute on behalf of the parties assignments of interest in any insurance policy (other than title insurance policies) called for in this escrow, you are authorized to transmit for assignment any insurance policy to the insurance agent requesting that the insurer consent to such assignment, to request that a loss payee clause or such other endorsements as may be required be issued and to forward such policy to the Lender(s) and entitled party(ies).  You shall not be responsible for verifying the acceptance of the request for assignment of policy of insurance by the issuing insurance company.  The parties mutually agree that you will make no attempt to verify the receipt of the request for assignment by the issuing insurance company.  All parties are placed on notice that if the insurance should fail to receive the assignment, the issuing company may deny coverage for any loss suffered by Buyer.  IT IS THE OBLIGATION OF THE INSURED OR THE INSURED'S REPRESENTATIVE TO VERIFY THE ISSUING COMPANY'S ACCEPTANCE OF THE ASSIGNMENT OF THE POLICY.

7.    You are not to be held responsible in any way whatsoever for any personal property tax which may be assessed against any former or present owner of the subject property described in these escrow instructions, nor for the corporation or license tax of any corporation as a former or present owner.

8.    If it is necessary, proper or convenient for the consummation of this escrow, you are authorized to deposit or have deposited funds or documents, or both, handed you under these escrow instructions with any duly authorized sub-escrow agent, including, but not limited to, any bank, trust company, title insurance company, title company, savings and loan association, or licensed escrow agent, subject to your order at or before close of escrow in connection with closing this escrow.  Any such deposit shall be deemed a deposit under the meaning of these escrow instructions.

9.    The parties to this escrow have satisfied themselves outside of escrow that the transaction covered by this escrow is not in violation of the Subdivision Map Act or any law regulating land division, zoning ordinances or building restrictions which may affect the land or improvements that are the subject of this escrow.  You, as escrow holder, are relieved of all responsibility and liability in connection with such laws, ordinances or regulations and are not to be concerned with any of their enforcement.

## Additional Instructions Attached Hereto And Made A Part Hereof

*By initialing below, I/We agree that I/We have read, understood and acknowledge the text contained herein.*

Seller's Initials:  _____ /                                          Buyer's Initials:  _____ /

**JEAN ALLEN ESCROW COMPANY, INC.**

Date:  October 13, 2015
Escrow No.:  00877
Page 7 of 9

10.    If any form of Purchase Agreement or amendment or supplement (collectively "Purchase Agreement") is deposited in this escrow, it is understood that such document shall be effective only as between the parties signing the Purchase Agreement.  You, as escrow holder, are not to be concerned with the terms of any Purchase Agreement and are relieved of all responsibility and liability for the enforcement of its terms.  Your only duty is to comply with the instructions set forth in the escrow instructions.  You are not responsible for interpreting or acting on any provision of any Purchase Agreement on which these instructions may be based and you shall not rely on any knowledge or understanding you may have of any such Purchase Agreement in ascertaining or performing your duties as escrow holder.

11.    You are not to be concerned with the giving of any disclosures required by federal or state law, including, but not limited to, Real Estate Settlement Purchase Act, Regulation Z-Trust-In-Lending, condition of the subject property or other warnings, or any other warranties, express or implied.

12.    You shall not be responsible and you are released from and shall have no liability, obligation, or responsibility with respect to withholding of funds under Section 1445 or the Internal Revenue Code of 1954, as amended, commonly known as the Foreign Investment in Real Property Tax Act (FIRPTA).  Advice about FIRPTA, its requirements, a determination whether the Seller/transferor is a foreign person, as defined, or obtaining a nonforeign affidavit or exemption from withholding or other information concerning compliance or noncompliance will not be given to the parties by the escrow holder.  The parties are advised to seek independent legal, financial and tax counsel from their respective legal financial and tax advisors.

13.    You are authorized to deliver copies of all escrow instructions, supplements and amendments, estimated and final closing statement, preliminary title reports, and notices of cancellation, if any, to the real estate broker(s), real estate sales agent(s), Lender's, Lender's agent(s) and/or attorney(s) for the parties, upon the parties' oral or written request.  You shall not incur any liability for said delivery.

14.    You shall make no physical inspection of the real property or personal property described in any instrument deposited in or which is the subject of this escrow.  You have made no representations or warranties concerning any such real property or personal property and are not to be concerned with nor liable for the condition of real property or personal property.

15.    The parties authorize the recordation of any instrument delivered through this escrow if necessary or proper for the issuance of the required policy of title insurance or for the closing of this escrow.  Funds, instructions or instruments received in this escrow may be delivered to, or deposited with any title insurance company or title company to comply with the terms and conditions of this escrow.

16.    You are authorized to deduct from Seller's proceeds or Buyer's net proceeds any amount which either Seller or Buyer may owe you in any other matter or transaction.  You are authorized to charge and the parties agree to pay additional escrow fees for extraordinary services not within the range of customary escrow processing, including, but not limited to, the verification of signatories to escrow instructions.

17.    You shall not be responsible in any way whatsoever nor are you to be concerned with any question of usury in any loan or encumbrance, whether new or of record, which may arise during the processing of this escrow.

18.    You are not to be responsible in any way whatsoever nor to be concerned with the terms of any new loan documents obtained by any party in connection with this escrow except to order such loan documents into the escrow file, transmit the loan documents to Buyer for execution and transmit the executed loan documents to Lender.   The Parties understand and agree that you are not involved nor concerned with the approval and/or processing of any loan or the contents and effect of loan documents prepared by a lender.

19.    The parties agree to complete and deliver to you a Statement of Information as required by the title insurance company/title company.

20.    The parties expressly indemnify and hold you harmless against third-party claims for any fees, costs or expenses where you have acted in good faith, with reasonable care and prudence and/or in compliance with these escrow instructions.

21.    The parties agree that you have the responsibilities of an escrow holder only and there are no other legal relationships established in the terms and conditions of the escrow instructions.  In connection with this escrow: (1) you shall have no duty or responsibility of notifying any of the parties to this escrow of any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property; (2) you shall have no responsibility or duty to disclose any benefit, including, but not limited to financial gain, realized by any person, firm, or corporation involving any of the subject real property or personal property; and (3) you shall have no responsibility or duty to disclose any profit realized by any person, firm or corporation including, but not limited to, any real estate broker, real estate sales agents and/or a party to any other escrow, in connection therewith, although such other transaction may be handled by you in this escrow or in another escrow transaction.  If you are instructed in writing by any party, Lender or other entitled person to make any such disclosure, you shall do so without incurring any liability to any party.  You shall not be liable for any of your acts or omissions done in good faith nor for any claims, demands, losses or damages made or suffered by any party to this escrow, excepting such as may arise through or be caused by your willful neglect or gross misconduct.

22.    Your escrow holder agency shall terminate six (6) months following the date last set for close of escrow and shall be subject to earlier termination by receipt by you of mutually executed cancellation instructions.  If this escrow was not closed or cancelled within the described six (6) month period, you shall have no further obligations as escrow holder except to disburse funds and documents pursuant to written escrow instructions and to interplead or otherwise dispose of funds and documents in accordance with a validity issued and validly served order from a court of competent jurisdiction.  If the conditions of this escrow have not been complied with at the expiration date in these escrow instructions, you are instructed to complete the conditions at the earliest possible date, unless Buyer or Seller have made written demand upon you for the return of the funds and/or instruments deposited by Buyer or Seller and/or for cancellation of this escrow.  Should demands be made upon you, you may withhold and stop all further proceedings in this escrow without liability for interest on funds held or for damages until mutual cancellation instructions signed by all parties have been deposited with you.

**Additional Instructions Attached Hereto And Made A Part Hereof**
*By initialing below, I/We agree that I/We have read, understood and acknowledge the text contained herein.*

Seller's Initials:  _____/_____                                                                    Buyer's Initials:  _____/_____

**JEAN ALLEN ESCROW COMPANY, INC.**

Date:  October 13, 2015
Escrow No.:  00877
Page 8 of 9

23.   The parties shall cooperate with you in carrying out the escrow instructions they deposit with you and completing this escrow..  The parties shall deposit into escrow, upon request, any additional funds, instruments, documents, instructions, authorizations, or other items that are necessary to enable you to comply with demands made on you by third parties, to secure policies of title insurance or to otherwise carry out the terms of their instructions and close this escrow.  If conflicting demands or notices are made, or served upon you or any controversy arises between the parties or with any third persons arising out of or relating to this escrow, you shall have the absolute right to withhold and stop all further proceedings in, and in performance of, this escrow until you receive written notification satisfactory to you of the settlement of the controversy by written agreement of the parties, or by the final order, or judgement of a court of competent jurisdiction.

       All of the parties to this escrow, jointly and severally, promise to pay promptly on demand, as well as to indemnify you and to hold you harmless from and against all administrative governmental investigations, audit and legal fees, litigation and interpleader costs, damages, judgements, attorney's fees, expenses, obligations and liabilities of every kind (collectively "costs") which in good faith you may incur or suffer in connection with or arising out of this escrow, whether said costs arise during the performance of or subsequent to this escrow, directly or indirectly, and whether at trial or on appeal, in administrative action, or in an arbitration.  You are given a lien upon all the rights, title and interest, of the parties and all escrow papers and other property and monies deposited into this escrow to protect your rights and to indemnify and reimburse you.  If the parties do not pay any fees, costs and expenses due you under the escrow instructions, or do not pay for costs and attorney's fees incurred in any litigation, administrative action and/or arbitration, on demand, they each agree to pay a reasonable fee for any attorney services which may be required to collect such fees or expenses, whether attorney's fees are incurred before trial, at trial, on appeal or in arbitration.

24.   In the event of cancellation of this escrow, the undersigned parties agree jointly and severally to reimburse you for any expenses you have incurred pursuant to these instructions, and you may deduct a reasonable cancellation fee for services rendered by you as apportioned to us in a manner which you consider equitable.

25. ALL NOTICES, DEMANDS AND INSTRUCTIONS MUST BE IN WRITING.  No notice, demand, instruction, amendment, supplement or modification of these escrow instructions shall be of any effect in this escrow until delivered in writing to you and mutually executed by all parties.  AS SET FORTH ABOVE, YOU HAVE NO DUTY TO AND SHALL NOT VERIFY THE SIGNATURES OF ANY PARTIES OR NON-PARTIES UNLESS FURTHER WRITTEN ESCROW INSTRUCTIONS TO DO SO ARE RECEIVED AND THE ADDITIONAL ESCROW FEES ARE DEPOSITED.  Any purported oral instructions, amendment, supplement, modification, notice or demand deposited with you by the parties or either of them shall be ineffective and invalid.  You are to be concerned only with the directives expressly set forth in the escrow instructions, supplements and amendments thereto, and are not to be concerned with nor liable for items designated as "memorandum items" or "matters of record only" in the escrow instructions.

26.   These escrow instructions may be executed in counterparts, each of which shall be deemed as original regardless of the date of its execution and delivery.  All such counterparts together shall constitute the same document.

27.   If any check submitted to you is dishonored upon presentment for payment, you are authorized to notify all parties to the within escrow, their respective real estate broker(s) and real estate agent(s) and other person or entity you deemed in your discretion necessary to notify.  You are further authorized to discharge the party depositing same a reasonable handling fee for each dishonored instrument.

28.   Wherever the context so requires the masculine gender includes the feminine and/or neuter and the singular number includes the plural.

29.   The parties acknowledge and understand that you, as escrow holder, are not authorized to practice the law nor do you give financial advice.  The parties are advised to seek legal and financial counsel and advice concerning the effect of these escrow instructions.  The parties acknowledge that no representations are made by you about the legal sufficiency, legal consequences, financial effects or tax consequences of the within escrow transaction.

30.   You are authorized to destroy or otherwise dispose of any and all documents, papers, escrow instructions, correspondence and records or other materials constituting or pertaining to this escrow at any time after five (5) years from the date of: (1) the close of escrow; (2) the date of cancellation; or (3) the date of the last activity, without liability and without further notice to the parties.

31.   The parties agree to release you from any and all liability of any kind or nature and to indemnify you from any loss, damages, claims, judgments, or costs of any kind or nature resulting from or related to the release or discharge of hazardous or toxic wastes on the subject property whether it occurred in the past or present or may occur in the future which release of discharge is in violation of law, in excess of any state and federal standards, permit requirements and/or disclosure requirements existing at this time or which may exist at a future time.  The parties represent that they made their own assessment of the condition of the subject property and have not relied on any of your representations in making the assessment.  The parties are advised to seek independent legal and technical environmental expert advice in assessing the risks associated with potential hazardous or toxic wastes.

32.   The parties' signatures on all escrow instructions and instruments pertaining to the within escrow indicates their unconditional acceptance and approval of same and you are entitled to rely on the parties' execution.

33.   The Parties do agree, that Time is of the Essence of this Agreement and all additional and/or amended instructions.

**Additional Instructions Attached Hereto And Made A Part Hereof**
*By initialing below, I/We agree that I/We have read, understood and acknowledge the text contained herein.*

Seller's Initials:  _____/_____                                                                Buyer's Initials:  _____/_____

**JEAN ALLEN ESCROW COMPANY, INC.**

Date:  October 13, 2015
Escrow No.:  00877
Page 9 of 9

THE FOREGOING TERMS, CONDITIONS, CONSIDERATION AND INSTRUCTIONS, AS WELL AS THE GENERAL PROVISIONS SET OUT ON THE FINAL PAGES, ARE UNDERSTOOD AND APPROVED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED.  I AGREE TO PAY ON DEMAND USUAL BUYER'S CHARGES INCLUDING RECORDING DEED(S), AND RECORDING ANY OTHER DOCUMENTS NECESSARY ON MY PART, ONE-HALF OF YOUR SCHEDULED ESCROW FEE, AND ANY LOAN ASSUMPTION/TRANSFER OR NEW LOAN FEES.

THE UNDERSIGNED BUYER HEREBY ACKNOWLEDGES RECEIPT OF A COPY OF THESE INSTRUCTIONS.

**BUYER:**

Address:  ,

THE FOREGOING TERMS, CONDITIONS, CONSIDERATION AND INSTRUCTIONS, AS WELL AS THE ADDITIONAL ESCROW INSTRUCTIONS AND CONDITIONS SET OUT ON FINAL PAGES HERETO, ARE UNDERSTOOD, APPROVED AND ACCEPTED IN THEIR ENTIRETY BY EACH OF THE UNDERSIGNED. I WILL HAND YOU GRANT DEED(S) FOR SAID PROPERTY, NECESSARY DOCUMENTS AND/OR FUNDS CALLED FOR ON MY PART TO CAUSE TITLE TO BE SHOWN AS ABOVE, WHICH YOU ARE AUTHORIZED TO USE AND/OR DELIVER, PROVIDED YOU CAN COMPLY WITH THESE INSTRUCTIONS AND PROVIDED YOU WILL HOLD FOR MY ACCOUNT THE TOTAL CONSIDERATION AS SET FORTH ABOVE LESS ANY CONSIDERATION PAID OUTSIDE OF ESCROW AND LESS THE UNPAID BALANCE OF ANY ENCUMBRANCE LISTED ABOVE, TOGETHER WITH ALL DOCUMENTS DUE ME AS DESCRIBED ABOVE, WITHIN THE TIME AS ABOVE PROVIDED.  YOU ARE AUTHORIZED TO PAY ANY LIENS OF RECORD (INCLUDING PREPAYMENT PENALTIES, IF ANY) NECESSARY TO PLACE TITLE IN THE CONDITION CALLED FOR HEREIN.

FROM FUNDS HELD FOR SELLER'S ACCOUNT PAY COMMISSION, IF ANY, TO BROKER(S) AS PROVIDED FOR IN SEPARATE INSTRUCTIONS.

I AGREE TO PAY USUAL SELLER'S CHARGES, INCLUDING THOSE FOR POLICY OF TITLE INSURANCE, NOTARY FEES, ONE-HALF OF YOUR SCHEDULED ESCROW FEE, DRAWING ANY DEED(S) OR OTHER INSTRUMENTS EXECUTED BY ME, OR FOR MY BENEFIT, OR NECESSARY ON MY PART, TRANSFER TAX, RECORDING ANY TRUST DEED(S) OR OTHER DOCUMENTS IN MY FAVOR, OBTAINING BENEFICIARIES' STATEMENT AND/OR DEMANDS, OBTAINING HOMEOWNERS ASSOCIATION STATEMENTS AND DOCUMENTS REQUIRED BY LAW.

**SELLER:**

_____
Ben Diep

Address:  11404 Dona Dorotea Drive, Los Angeles (Studio City Area), CA  91604

**--END OF INSTRUCTIONS--**

# EXHIBIT "C"

| A. SETTLEMENT STATEMENT U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | | ESTIMATED | |
|---|---|---|---|

| B. Type of Loan | | | |
|---|---|---|---|
| 1. []FHA  2. []FmHA  3. []Conv. Unins.<br>4. []VA  5. []Conv. Ins. | 6. File Number<br>TBD | 7. Loan Number | Mortgage Insurance Number |

OMB No. 2502 0265

C. Note:  THIS NOTE IS FURNISHED TO GIVE YOU A STATEMENT OF THE ACTUAL SETTLEMENT COSTS. AMOUNTS PAID TO ANY AND BY THE SETTLEMENT AGENT ARE SHOWN. ITEMS MARKED "(P.O.C.)" WERE PAID OUTSIDE OF THE CLOSING. THEY ARE SHOWN HERE FOR INFORMATION PURPOSES AND ARE NOT INCLUDED IN THE TOTALS.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| | Ben Diep | **Select Lender to Follow** |

| G. PROPERTY LOCATION | H. Settlement Agent | |
|---|---|---|
| 11404 Dona Dorotea Drive<br>Los Angeles (Studio City Area), CA  91604 | Jean Allen Escrow Co., Inc. | |
| | Place of Settlement | I. Settlement Date<br>March 31, 2016 |
| | 3341 Cerritos Avenue<br>Los Alamitos, California 90720 | Disbursement Date<br>March 31, 2016 |

| J. SUMMARY OF BORROWER'S TRANSACTIONS | | K. SUMMARY OF SELLER'S TRANSACTIONS | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract Sales Price | | 401. Contract sales price | 1,650,000.00 |
| 102. Personal Property | | 402. Personal property | |
| 103. Settl. Chrgs. to Borrower (line 1400) | | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. Second Half Taxes, 2015-16 at $7822.44/semi-annually from 03/31/2016 to 07/01/2016 | 3,911.22 |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | | 420. Gross Amount Due to Seller | 1,653,911.22 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposits or Earnest Money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settl. chrgs. to seller (line 1400) | 105,147.59 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Nationstar Mortgage | 1,208,862.66 |
| 205. | | 505. Internal Revenue Service | 60,891.06 |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/Town taxes | | 510. City/Town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | | 520. Total Reductions in Amount Due Seller | 1,374,901.31 |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT FROM/TO SELLER | |
| 301. Gross Amounts due from Borrower (line 120) | | 601. Gross amount due to Seller (line 420) | 1,653,911.22 |
| 302. Less amounts paid by/for Borrower (line 220) | | 602. Less reductions in amount due Seller (line 520) | 1,374,901.31 |
| 303. CASH TO BORROWER | | 603. CASH TO SELLER | 279,009.91 |

**L. SETTLEMENT STATEMENT**

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION** | | | |
| Based on price $1,650,000.00 @ 5.000% | | | |
| 701. F.A.I.R. Plan Inc. $41,250.00 | | | |
| 702. Selling Broker $41,250.00 | | | |
| 703. Commission paid at settlement | | | |
| 704. | | | 82,500.00 |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan origination fee | | | |
| 802. Loan discount | | | |
| 803. Appraisal fee | | | |
| 804. Credit report | | | |
| 805. Lender's inspection fee | | | |
| 806. Mortgage insurance application fee | | | |
| 807. Assumption fee | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest | | | |
| 902. Mortgage insurance | | | |
| 903. Hazard insurance | | | |
| 904. MyNHD, Inc. for Property Disclosure Report | | | 104.95 |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard insurance | | | |
| 1002. Mortgage insurance | | | |
| 1003. City property taxes | | | |
| 1004. County property taxes | | | |
| 1005. Annual assessments | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Reserves | | | |
| 1009. | | | |
| **1100. ESCROW AND TITLE CHARGES** | | | |
| 1101. Title - Escrow Fee to Jean Allen Escrow Co., Inc. | | | 1,000.00 |
| 1102. Abstract or title search | | | |
| 1103. Title examination | | | |
| 1104. Title - Messenger Fee to Old Republic Title Company | | | 20.00 |
| 1105. Document preparation | | | |
| 1106. Title - Notary Fee to Jean Allen Escrow Co., Inc. | | | 100.00 |
| 1107. Attorney's fees | | | |
| 1108. Title Insurance to Old Republic Title Company | | | 3,300.00 |
| 1109. Lender's coverage | | | |
| 1110. Owner's coverage $ @ $3,300.00 | | | |
| 1111. Title - Reconveyance Fee to Old Republic Title Company | | | 45.00 |
| 1112. Title - Sub Escrow Fee to Old Republic Title Company | | | 65.00 |
| 1113. Title - Endorsement Fee to Old Republic Title Company | | | 25.00 |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees: Releases $30.00 to Old Republic Title Company | | | 30.00 |
| 1202. Transfer Tax - City to City of Los Angeles | | | 7,425.00 |
| 1203. Transfer Tax - County to Los Angeles County | | | 1,815.00 |
| 1204. | | | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Department of Building & Safety for City Report | | | 70.20 |
| 1302. Pest inspection | | | |
| 1303. | | | |
| 1304. Los Angeles Department of Water & Power for Certificate of Compliance | | | 25.00 |
| 1305. Retrofitting Contractor for Retrofit Expense | | | 500.00 |
| 1306. Funds Held for Contingency Funds/Padding | | | 300.00 |
| 1307. 2nd Half Taxes, 2015-16 to Old Republic Title Company | | | 7,822.44 |
| **1400. TOTAL SETTLEMENT CHARGES (ENTER ON LINES 103 SECTION J AND 502, SECTION K)** | | | 105,147.59 |

PAYOFF BREAKDOWN(S)

Payoff to Nationstar Mortgage
TOTAL $1,208,862.66

| | |
|---|---:|
| Principal Balance | 1,141,261.22 |
| Interest on Principal Balance at $94.2100/day from 11/02/2015 to 04/01/2016 | 14,225.71 |
| Interest to 11/01/15 | 36,100.83 |
| Recording Fee | 39.00 |
| Legal Fees | 1,225.00 |
| Escrow Advances | 12,377.29 |
| Late Charges | 610.96 |
| Fax Fee | 25.00 |
| Lender Paid Expenses | 2,997.65 |

Payoff to Internal Revenue Service
TOTAL $60,891.06

| | |
|---|---:|
| Principal Balance | 60,891.06 |

# EXHIBIT "D"

Fill in this information to identify your case:

Debtor 1        Ben Diep

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number        1:16-bk-10125-MT
(if known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter
13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income                                                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

| 1. Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers. | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Include part-time, seasonal, or self-employed work. | Occupation | Disabled | |
| | Employer's name | | |
| Occupation may include student or homemaker, if it applies. | Employer's address | | |
| | How long employed there? | | |

### Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $          0.00 | $          N/A |
| 3. | Estimate and list monthly overtime pay. | 3. | +$          0.00 | +$          N/A |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $          0.00 | $          N/A |

Debtor 1   Ben Diep                                              Case number (if known)   1:16-bk-10125-MT

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here | | 4. | $            0.00 | $            N/A |

5.  **List all payroll deductions:**

| | | | | |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $            0.00 | $            N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $            0.00 | $            N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $            0.00 | $            N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $            0.00 | $            N/A |
| 5e. | Insurance | 5e. | $            0.00 | $            N/A |
| 5f. | Domestic support obligations | 5f. | $            0.00 | $            N/A |
| 5g. | Union dues | 5g. | $            0.00 | $            N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $            0.00 | + $            N/A |

6.  **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $            0.00   $            N/A

7.  **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $            0.00   $            N/A

8.  **List all other income regularly received:**

| | | | | |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm**<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $            0.00 | $            N/A |
| 8b. | Interest and dividends | 8b. | $            0.00 | $            N/A |
| 8c. | **Family support payments** that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $            0.00 | $            N/A |
| 8d. | Unemployment compensation | 8d. | $            0.00 | $            N/A |
| 8e. | Social Security | 8e. | $         2,545.00 | $            N/A |
| 8f. | **Other government assistance that you regularly receive**<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify:   Social Security benefits for Dependent Children | 8f. | $         1,324.00 | $            N/A |
| 8g. | Pension or retirement income | 8g. | $            0.00 | $            N/A |
| 8h. | Other monthly income. Specify:   Family Contributions to Save Property Only | 8h.+ | $         5,550.00 | + $            N/A |

9.  **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $         9,419.00   $            N/A

10.  **Calculate monthly income.** Add line 7 + line 9.   10.   $  9,419.00  + $   N/A  = $   9,419.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11.  **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify:                                                                           11.   + $            0.00

12.  **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies                                                                           12.   $         9,419.00

**Combined monthly income**

13.  **Do you expect an increase or decrease within the year after you file this form?**

☑  No.
☐  Yes. Explain:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Ben Diep |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | 1:16-bk-10125-MT |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Your Household**

1.  Is this a joint case?

    ■ No. Go to line 2.
    ☐ Yes. Does Debtor 2 live in a separate household?

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  Do you have dependents?    ☐ No

    Do not list Debtor 1 and Debtor 2.    ■ Yes. Fill out this information for each dependent..............

    Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | 12 Years | ☐ No ■ Yes |
| Daughter | 15 Years | ☐ No ■ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.  Do your expenses include expenses of people other than yourself and your dependents?
    ■ No
    ☐ Yes

**Part 2:    Estimate Your Ongoing Monthly Expenses**

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|

| | | | |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 7,259.32 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 74.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

Debtor 1    Ben Diep _____                Case number (if known)    1:16-bk-10125-MT

6.  **Utilities:**
6a.    Electricity, heat, natural gas                                        6a.  $            265.00
6b.    Water, sewer, garbage collection                                      6b.  $             95.00
6c.    Telephone, cell phone, Internet, satellite, and cable services        6c.  $            115.00
6d.    Other. Specify:                                                       6d.  $              0.00
7.  **Food and housekeeping supplies**                                        7.  $          1,000.00
8.  **Childcare and children's education costs**                              8.  $              0.00
9.  **Clothing, laundry, and dry cleaning**                                   9.  $             75.00
10. **Personal care products and services**                                  10.  $            100.00
11. **Medical and dental expenses**                                          11.  $              0.00
12. **Transportation. Include gas, maintenance, bus or train fare.**
    Do not include car payments.                                            12.  $            100.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books**   13.  $              0.00
14. **Charitable contributions and religious donations**                     14.  $              0.00
15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
15a.   Life insurance                                                        15a.  $             0.00
15b.   Health insurance                                                      15b.  $             0.00
15c.   Vehicle insurance                                                     15c.  $            60.00
15d.   Other insurance. Specify:                                             15d.  $             0.00
16. **Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20.**
    Specify:                                                                 16.  $              0.00
17. **Installment or lease payments:**
17a.   Car payments for Vehicle 1                                            17a.  $             0.00
17b.   Car payments for Vehicle 2                                            17b.  $             0.00
17c.   Other. Specify:                                                       17c.  $             0.00
17d.   Other. Specify:                                                       17d.  $             0.00
18. **Your payments of alimony, maintenance, and support that you did not report as
    deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).**  18.  $             0.00
19. **Other payments you make to support others who do not live with you.**
    Specify:                                                                 19.  $
20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**
20a.   Mortgages on other property                                           20a.  $             0.00
20b.   Real estate taxes                                                     20b.  $             0.00
20c.   Property, homeowner's, or renter's insurance                          20c.  $             0.00
20d.   Maintenance, repair, and upkeep expenses                              20d.  $             0.00
20e.   Homeowner's association or condominium dues                           20e.  $             0.00
21. **Other: Specify:**    Emergency Expenses                                21.  +$            75.00

22. **Calculate your monthly expenses.**
22a.   Add lines 4 through 21.                                               $          9,218.32
22b.   Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2   $
22c.   Add line 22a and 22b.  The result is your monthly expenses.           $          9,218.32

23. **Calculate your monthly net income.**
23a.   Copy line 12 (your combined monthly income) from Schedule I.         23a.  $          9,419.00
23b.   Copy your monthly expenses from line 22c above.                       23b.  -$          9,218.32

23c.   Subtract your monthly expenses from your monthly income.
       The result is your monthly net income.                               23c.  $            200.68

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    ■ No.
    ☐ Yes.        Explain here:

# EXHIBIT "E"

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Ben Diep | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | 1:16-bk-10125-MT | | |

☐ Check if this is an
amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| 11404 Dona Dorotea Drive Studio City, CA 91604  Los Angeles County  Line from *Schedule A/B*: 1.1 | $1,700,000.00 | ■  $175,000.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| 2001 BMW 540I 97,000 miles  Paid in Full  Line from *Schedule A/B*: 3.1 | $4,929.00 | ■  $2,900.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| Furniture and Appliances  Line from *Schedule A/B*: 6.1 | $1,250.00 | ■  $1,250.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Misc. Sporting Equipment  Line from *Schedule A/B*: 9.1 | $200.00 | ■  $200.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Clothing  Line from *Schedule A/B*: 11.1 | $1,000.00 | ■  $1,000.00  ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

2/15/16  1:37PM

| Debtor 1 | Ben Diep | | Case number (if known) | 1:16-bk-10125-MT |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| Checking: Chase<br>Line from *Schedule A/B*: 17.1 | $378.00 | ■ | $378.00 | C.C.P. § 704.080 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| Checking and Savings: Wells Fargo<br>Line from *Schedule A/B*: 17.2 | $1,603.00 | ■ | $1,603.00 | C.C.P. § 704.080 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| Pension: Cigna<br>Line from *Schedule A/B*: 21.1 | $132,000.00 | ■ | $132,000.00 | C.C.P. § 704.115(a)(1) & (2), (b) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| Potential Lawsuit Against Cigna for Unlawful Termination of Disability Benefits<br>Line from *Schedule A/B*: 33.1 | $1,000,000.00 | ■ | $1,000,000.00 | C.C.P. § 704.130 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

3. **Are you claiming a homestead exemption of more than $155,675?**
   (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1 (p)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/19/2016 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Elizabeth (SV) F Rojas (TR):  cacb_ecf_sv@ch13wla.com
United States Trustee (SV):   ustpregion16.wh.ecf@usdoj.gov
Kevin T Simon:                kevin@srhlawfirm.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 02/19/2016 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/19/2016 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy:  Honorable Maureen Tighe 21041 Burbank Blvd., Suite 325 / Ctrm. 302 Woodland Hills, CA  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 02/19/2016 | Maria Diaz | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ADDITIONAL SERVICE INFORMATION:

Debtor(s): (Certified Mail)
Ben Diep
11404 Dona Dorotea Drive
Studio City, CA 91604

Chapter 13 Trustee  (Certified Mail)
Elizabeth F. Rojas
15060 Ventura Blvd. Suite #240
Sherman Oaks, CA 91403

Office of the United States Trustee
(Certified Mail)
915 Wilshire Blvd., Ste 1850
Los Angeles, CA 90017

Nationstar Mortgage LLP (Statement)
(Certified Mail)
350 Highland Drive
Lewisville, TX 75067
Attn: Jay Bray, CEO

Nationstar Mortgage, LLC. (Entity)
(Certified Mail)
8950 CYPRESS WATERS BLVD
COPPELL TX 75019
Attn: Jay Bray, CEO

Agent for Service of Process for
Nationstar Mortgage, LLC. (Certified
Mail)
CSC - LAWYERS INCORPORATING
SERVICE
2711 CENTERVILLE RD STE 400
WILMINGTON DE 19808

Agent for Service of Process for
Nationstar Mortgage, LLC. (Certified
Mail)
THE PRENTICE-HALL
CORPORATION SYSTEM, INC.
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO CA 95833

Internal Revenue Service (Claim)
(Certified Mail)
P.O. Box 7346
Philadelphia, PA 19101-7346
Attn: Angela Smith, Bankruptcy
Specialist

Internal Revenue Service (Claim)
(Certified Mail)
Insolvency Group 5
200 North Los Angeles St. M/S 5022
Los Angeles, CA 90012
Attn: Angela Smith, Bankruptcy
Specialist

IRS Headquarters (Certified Mail)
Douglas H. Shulman, Commissioner
10th Street & Pennsylvania Ave, NW
Washington, DC 20004

Attorney General of the United States
(Certified Mail)
Eric H. Holder, Jr.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Attorney General of California
(Certified Mail)
Kamala D. Harris
Attorney General's Office
California Department of Justice
P.O. Box 944255
Sacramento, CA 94244-2550

Attorney General of California
(Certified Mail)
Kamala D. Harris
Office of the Attorney General
300 South Spring Street
Los Angeles, CA 90013-1230

Andre Birotte, Jr., US Attorney
(Certified Mail)
Sandra R. Brown, Assistant US
Attorney
Chief, Tax Division
7211 Federal Building
300 N. Los Angeles St.
Los Angeles, CA 90012

Bank of America
PO Box 982238
El Paso, TX 79998

Bay Area Credit Servic
1000 Abernathy Rd NE Ste 165
Atlanta, GA 30328

Capital One Bank USA NA
15000 Capital One Drive
Richmond, VA 23238

Chase Manhattan Bank
Attention: Bankruptcy
PO Box 15298
Wilmington, DE 19850

CMRE Financial Services Inc
3075 E Imperial Hwy, Suite 200
Brea, CA 92821

Equiant Financial Svcs
5401 N Pima Rd, Ste 150
Scottsdale, AZ 85250

Franchise Tax Board
Attn: Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

M Leonard & Associates
PO Box 2339
Van Nuys, CA 91411

Monterey Financial Svc
4095 Avenida De La Plata
Oceanside, CA 92056

Osi Collection Service
507 Prudential Dr.
Horsham, PA 19044

PMR Progressive
216 S Louise St
Glendale, CA 91205

PMS
PO BOX 2220
West Covina, CA 91793

TD Service Company
4000 West Metropolitan Dr., Ste 400
TS #A546732 CA)
Orange, CA 92868

TSI/980
2920 Prospect Park
Rancho Cordova, CA 95670

United Resource Systems
10075 W Colfax Avenue
Denver, CO 80215

Westside Recovery Svcs
6200 Wilshire Blvd, Ste 1
Los Angeles, CA 90048